IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PELHAM,          )
                         )
         Plaintiff,      )
                         )
    v.                   )
                         )    Case No. 1:22CV155
CHERYL J. WILSON et al., )
                         )
         Defendants.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint and Application for Leave to Proceed *In Forma Pauperis* filed by Plaintiff Michael Pelham. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the

administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

2

Case 1:22-cv-00155-CCE-JEP   Document 4   Filed 04/25/22   Page 2 of 7

cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff asserts various claims against Judge Cheryl Wilson and Attorney Del Brown, asserting claims under 42 U.S.C. § 1983 for discrimination, deprivation of rights, due process, and cruel and unusual punishment. As the basis for this claim, Plaintiff alleges that:

> Cheryl J. Wilson had me put in Jail against my will because I ask for joint custody of my child. Then Cheryl J. Wilson & State Attorney Del Brown stated they knew me as a kidnapper in court denying me access to my child.

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

Plaintiff contends that he was placed in jail for over two hours, and at his next court date the Judge and State Attorney said he had kidnapped his children. He contends that his other children were not allowed to accompany him into the courtroom, and that:

> The State of Virginia has work with my daughter['s] mother [and] orchestrated lies and slander to keep my child away from me. I have no record but I'm being treated like a criminal in the Petersburg Courtroom. I have tried contacted Mrs. Brown for visitation and never received a call back.

He also names Kentra Tatum as a Defendant, but does not identify Ms. Tatum or set out any facts explaining the basis of his claims against her. As relief, he requests damages from the City of Petersburg/State of Virginia, and:

> Joint Physical & Legal custody
> 90-120 days quality days with my child (back pay days)
> 2 week rotation with halfway meet spot in Henderson, NC to pick up & drop off
> Rotation on holidays and birthdays
> Birthday Xmas & Thanksgiving I should get the next two/3 years since I was denied

To the extent that Plaintiff's claims can be construed as a challenge to state child custody determinations, the Court notes that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody and child support matters under the domestic relations exception to federal court jurisdiction. Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006); Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir. 1988); Griessel v. Mobley, 554 F. Supp. 2d 597, 602 (M.D.N.C. 2008) (dismissing child custody and support claims under the domestic relations exception to federal court jurisdiction set out in Ankenbrandt v. Richards, 504 U.S. 689 (1992)); Johnson v. Byrd, No. 1:16CV1052, 2016 WL 6839410, at *9-10 (M.D.N.C. Nov. 21, 2016) appeal dismissed, 693 Fed. App'x 219 (4th Cir. 2017)(per curiam) (recognizing the domestic relations exception doctrine applies in cases premised on federal question jurisdiction).

4

In addition, Plaintiff apparently seeks modification of a state custody order, and to the extent that there are on-going state proceedings or appeals that may impact Plaintiff's custody claims, this Court should abstain from exercising its jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. See Wise v. Mecklenburg Cty. Dep't of Soc. Servs., No. 3:14-CV-71, 2014 WL 1091700 (W.D.N.C. Mar. 18, 2014) (dismissing claims on child custody matters under Younger); C.C.S. v. Child Protective Servs. of Orange County, No. 1:11CV81, 2011 WL 1325125, (M.D.N.C. Apr. 7, 2011) (recommending dismissal of Plaintiff's child custody and visitation claims under Younger). Plaintiff may appeal to higher state courts and eventually to the United States Supreme Court to the extent that he believes that his rights are being violated by the lower state courts.

Moreover, to the extent state proceedings have concluded and Plaintiff is asking this Court to "exercise appellate jurisdiction" over a state court judgment, the Rooker-Feldman doctrine bars lower federal courts from sitting in direct review of state court decisions. Thana v. Bd. of License Comm'rs for Charles Cnty., Md., 827 F.3d 314, 321 (4th Cir. 2016) (internal quotation marks omitted); see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). Thus, to the extent that Plaintiff is attempting to appeal or obtain review of the state court decisions, such state court judgments are not subject to review in this Court. See Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Briggman v. Virginia Dep't of Soc. Servs., 526 F. Supp. 2d 590, 600-01

(W.D. Va. 2007) (claim seeking court review of state court child support order barred by Rooker-Feldman doctrine).

Finally, to the extent that Plaintiff asserts claims for damages against a judge, the Court notes that state court judges have absolute judicial immunity for actions taken in their judicial capacity. See Stump v. Sparkman, 435 U.S. 349 (1978) (state court judges are absolutely immune from damages for acts performed in their judicial capacities); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987); Creed v. Wilson, No. 1:06CV397, 2008 WL 678655 (M.D.N.C. Mar. 12, 2008) (state court magistrate has judicial immunity for setting bonds). Accordingly, Plaintiff fails to state a claim upon which relief may be with respect to his claim for damages against Judge Wilson. To the extent Plaintiff asserts claims against attorney Del Brown, there are no facts alleged that the attorney was acting under color of state law. To the extent that attorney Brown is a private attorney, he would not be amenable to suit under § 1983. Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). If attorney Brown is a prosecutor or an attorney for the state, Plaintiff's claims would be barred by prosecutorial immunity because prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993).

For all of these reasons, the Court concludes that the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff filing a new claim on the proper forms that sets out proper claims within the Court's jurisdiction.

Plaintiff's request to proceed *in forma pauperis* shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

This, the 25th day of April, 2022.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge